# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| ROBERT PAYNE, GLORIA J. PAYNE, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Defendant. ) | CV418-265 |

## REPORT AND RECOMMENDATION

As a result of an allegedly botched surgery at the Veterans Affairs Medical Center (VAMC) in Beckley, West Virginia, plaintiff Robert Payne experiences significant and permanent pain and disability in his right wrist.  Doc. 1 at ¶¶ 6, 11, 12, 14, 24, 25.  Because he and his wife are residents of this district, they filed suit against the Government here.  Defendant now moves to transfer the action to the Southern District of West Virginia.  Doc. 15.

Transfer, however, is not easily obtained.  First, the party seeking transfer has the burden of establishing that transfer is warranted.  *In re Ricoh Corp.*, 870 F.2d 570, 573 (11th Cir. 1989).  Second, a "'plaintiff's choice of forum should not be disturbed unless it is clearly outweighed by other considerations,' and a transfer that would only shift

inconvenience from the defendant to the plaintiff does not outweigh the plaintiff's choice for Section 1404(a) purposes." *S.E.C. v. Lauer*, 478 F. App'x 550, 554 (11th Cir. 2012) (quoting R*obinson v. Giarmarco & Bill, P.C.*, 74 F.3d 253, 260 (11th Cir. 1996)). Third, the district court has broad discretion when deciding whether to transfer a case. *England v. ITT Thompson Indus., Inc.*, 856 F.2d 1518, 1520 (11th Cir. 1988).

Under Section 1404(a), "a district court may transfer any civil action to any other district or division where it might have been brought" if transfer is based upon the convenience of the parties, the convenience of the witnesses, or the interest of justice. 28 U.S.C. § 1404(a). Section 1404 thus requires courts to answer two questions. The first: Could the action have been brought in the proposed transferee court? *Mason v. Smithkline Beecham Clinical Labs.*, 146 F. Supp. 2d 1355, 1359 (S.D. Fla. 2001). The second: Do the § 1404 factors — (1) the convenience of the parties; (2) the convenience of witnesses; and (3) the interests of justice — warrant transfer? *Id*.

Here, the parties agree that the action could have been brought in West Virginia. That is, after all, where the surgery occurred. Moreover, nearly all the witnesses — the surgeon himself and the

medical staff who treated Payne — all reside in West Virginia and still work at the Beckley VAMC. *See* doc. 15, Exh. A. Indeed, travel to the Southern District of Georgia for depositions and trial would be a burden for these witnesses, and any unwilling to do so are under no obligation to respond to this district's deposition subpoenas. *See* Fed. R. Civ. P. 45(c)(1)(a); *see also Manuel*, 430 F.3d at 1135 n. 1. Plaintiffs respond that their forum choice should be honored "absent compelling circumstances." Doc. 17 at 5. They point out that Payne's ongoing care is occurring here, where they reside, and that there is unlikely to be any serious dispute as to the operative facts requiring geographically-specific discovery. *Id.* at 6. Despite plaintiffs' confidence, the Government has not conceded any of the alleged facts. *See id.* Compare doc. 1 at 2-3, ¶¶ 11, 20 (Complaint allegations asserting that bone was "inadvertently" removed), *with* doc. 20 at 3, 5, ¶¶ 11, 20 (Answer denying allegations based on lack of sufficient information). Even if the facts are ultimately conceded, argument on the doctor's negligence is the province of experts, who will be found as easily in this district as another. *Id.*

When evaluating the convenience of witnesses factor, courts

consider the "relative abilities of the forum and the proposed transferee district to secure the live testimony of important witnesses at trial," the cost of willing witnesses to attend trial, and the cost of employee witnesses to attend trial. 15 Charles Alan Wright, Arthur R. Miller, *et al.*, Fed. Prac. & Proc. § 3851 (4th ed. 2018). A court's evaluation, however, should be "qualitative, not quantitative." *Id.* Thus, "one important or material witness may outweigh a great number of less important witnesses." *Id.* And there is no dispute that the one key witness, Dr. Carson, resides in West Virginia alongside the other eleven medical staff that appear to have been involved in Payne's care. Doc. 15, Exh. A.

In sum, while this forum is not any more inconvenient for defendant, it *is* substantially more inconvenient for witnesses. And the "amorphous and subjective" interest of justice prong does not militate against transfer. See *In re Morgan Stanley*, 417 F. App'x 947, 949 (Fed. Cir. 2011), cited in *Augusta Nat'l, Inc. v. Green Jacket Auctions, Inc.*, 2018 WL 797434 at *6 (S.D. Ga. Feb. 8, 2018) (factors which are helpful when determining whether transfer is "in the interest of justice" include: (1) where the litigant is more likely to receive a speedy trial;

(2) whether transfer will allow consolidation of litigation; (3) the relative familiarity with the relevant law; (4) the relationship of each community to the controversy; (5) comparative costs to each party of litigating in each forum; and (6) any obstacles to a fair trial). The Court agrees with plaintiffs that it is competent to apply West Virginia law, but that factor alone does not trump the convenience of witnesses.

Neither party makes any real argument that plaintiff would be substantially inconvenienced by a transfer. Rather, plaintiffs emphasize the financial burden they would bear if the matter were transferred. But it is unclear, given their limited assertion, what the real impact would be. *See* doc. 17 at 11 (asserting, without further explanation, that transfer "would . . . create a heavy financial burden on Mr. Payne."). Plaintiffs only explain that Payne is "retired" and thus unable to afford the costs of litigation in a foreign district, while simultaneously arguing that the case is a straightforward medical negligence action with only one key witness likely to be called (and that one in West Virginia). And, it must be remembered, "[t]he convenience of witnesses, particularly nonparty witnesses important to the resolution of the case, may be *the single most important factor* to

consider on a motion to transfer under § 1404 (a)." *Green Jacket Auction*, 2018 WL 797434 at *5 (emphasis added).

This decision is, at bottom, a discretionary one. And while plaintiffs understandably want their case to remain local, it is unclear that the hardship they will face matches, much less *outweighs*, the convenience of nonparty witnesses. After all, their counsel is not local (based in the Eastern District of Virginia and Northern District of Georgia). Whatever fees are required for depositions or hearings would certainly be incurred regardless of the venue. Both parties seem confident that the entire case will be resolved on paper. Doc. 17 at 12 (plaintiffs' declaration that "[t]his is a case that should have been resolved administratively"); doc. 20 at 3 (defendant's Answer that "the medical records speak for themselves."). Since so much of plaintiffs' case hinges on the records that they themselves concede will be easily produced and reviewed in this district or any other, doc. 17 at 9-10, certainly their costs in litigating the case in West Virginia will not be so much greater than their costs of litigating it here. Filing fees for summary judgment and any other motion are, after all, standard across the various Districts.

In sum, the balance of considerations weighs in favor of transfer. Defendant's motion (doc. 15) should be **GRANTED**. Given the resolution of that motion, defendant's unopposed motion to stay pending decision on the motion to transfer (doc. 16) is **DENIED**, in part. All deadlines are, however, **STAYED** pending the District Judge's review of this Report and Recommendation ("R&R").

This R&R is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of

rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED AND REPORTED AND RECOMMENDED,** this  18th  day March, 2019.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA